UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN RE M/V D'CREE, a 41' Silverton,
her engines, tackle, equipment, apparel,         CASE NO.: 8:09-cv-2279-T-23AEP
and appurtenances.
_____/

**ORDER**

The intervening plaintiff Bank of America, N.A., ("BOA") moves (Doc. 84) for summary judgment against the defendant vessel (the M/V D'Cree) and the defendants Pedro Benevides and Keisha Benevides.  Additionally, BOA requests (1) priority over the claims of the plaintiff Allen Pitman Boat Repair & Maintenance ("Allen Pitman") and the intervening plaintiff Bruce Joseph, (2) a sale of the vessel by the United States Marshal, and (3) permission to "credit bid" at the sale of the vessel the amount of BOA's judgment.  Allen Pitman responds (Doc. 85) in opposition.

Background

On November 9, 2009, Allen Pitman sued (Doc. 1) to foreclose a maritime lien for "necessaries" provided to the defendant vessel in 2009.  Magistrate Judge Anthony E. Porcelli issued a warrant in rem and appointed a substitute custodian, Tarpon Springs Yacht Services, LLC.  Subsequently, Bruce Joseph intervened (Doc. 14) to foreclose Joseph's maritime lien against the defendant vessel for necessaries provided in 2009. The defendant Peter Benevides answered (Docs. 34, 35), and the defendant Keisha

Benevides defaulted (Doc. 76). BOA intervened (Doc. 54) to foreclose a "first preferred ship mortgage."

On January 3, 2011, BOA moved (Doc. 84) for summary judgment. BOA holds a "first preferred ship mortgage" (Doc. 84-3) on the defendant vessel, which mortgage the defendants Peter and Keisha Benevides executed on December 24, 2003. On the same day, the defendants executed a "retail installment sale contract," (Doc. 84-2) which obligated the defendants to pay a debt of $148,204.05. Bank of America Specialty Finance, Inc., (BOA's predecessor-in-interest) recorded the mortgage with the United States Coast Guard National Vessel Documentation Center on January 21, 2004 (Doc. 84-1). Because the defendants failed to pay the amount due under the contract (as of January 3, 2011, the payment was 216 days late) and because of the arrest of the vessel, the defendants defaulted on the "first preferred ship mortgage."

## Discussion

"A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel." 46 U.S.C. § 31325. The mortgagee must file the mortgage in "substantial compliance" with 46 U.S.C. § 31321. Upon foreclosure of a preferred mortgage, each claim existing on the date of sale is terminated "and the vessel is sold free of all those claims." 46 U.S.C. § 31326(a). Each claim subsequently attaches to the proceeds of the sale. A preferred mortgage "has priority over all claims against the vessel" except for expenses and fees allowed or imposed by the court. 46 U.S.C. § 31326(b). "[O]nly maritime liens prior in time or maritime liens that are preferred, such as tort liens for collision and personal injury,

outrank preferred ship mortgages." Kopac Intern., Inc. v. M/V Bold Venture, 638 F. Supp. 87, 89 (W.D. Wash. 1986). No maritime lien arises from custodia legis expenses pursuant to an arrest. The Nisseqogue, 280 F[ed Rep]. 174 (E.D.N.C. 1922). However, a reasonable expense incurred during custodia legis of the vessel receives preferential payment (before a distribution to each lien claimant) from either the proceeds of sale or the collateral offered to procure the vessel's release. The Poznan, 274 U.S. 117 (1927).

In moving for summary judgment, BOA argues that BOA's preferred mortgage is superior to the maritime liens held by Allen Pitman and Joseph. In response, Allen Pitman argues (1) that the custodia legis costs receive first priority after the sale of the vessel; (2) that, because of BOA's "inequitable" conduct in failing to foreclose earlier, BOA's preferred mortgage becomes subordinated to Allen Pitman's lien; (3) that BOA failed to properly file the preferred mortgage; and (4) that BOA failed to comply with the Local Rules of the Middle District of Florida.

In this instance, BOA holds a preferred mortgage on the defendant vessel and an interest superior to both Allen Pitman's and Joseph's maritime lien. Allen Pitman presents no evidence (only unsupported assertions) that BOA's conduct qualifies as either prejudicial or inequitable. However, Allen Pitman's argument as to the custodia legis expenses possesses merit, and proper custodia legis expenses shall receive priority payment upon the sale of the vessel (and upon motion of the custodian).

Conclusion

Accordingly, BOA's motion (Doc. 84) is **GRANTED IN PART**. The request for summary judgment is **GRANTED**, and the Clerk is directed to enter a judgment in favor of Bank of America, N.A., and against the defendants jointly and severally in the amount of **$111,996.72**, plus interest accruing at the per diem rate of $27.99 beginning on December 23, 2010. Upon distribution of the proceeds of sale, BOA's claim shall receive priority over the claims of both Allen Pitman and Joseph, after payment of custodia legis expenses. The part of the motion in which BOA requests (1) permission to "credit bid" the judgment and (2) an order of sale (Doc. 84) is **REFERRED** to Magistrate Judge Anthony E. Porcelli for disposition.

ORDERED in Tampa, Florida, on February 23, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE