**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALLEN PITMAN BOAT REPAIR**
**& MAINTENANCE, INC., a Florida**
**Corporation,**

       **Plaintiff,**

v.                               **CASE NO. 8:09-cv-2279-T-30AEP**

**M/V D'CREE, a 41' Silverton, her engines,**
**tackle, equipment, apparel, appurtenances,**
**etc., in rem, and**
**PETER BENEVIDES, individually,**
**in personam,**
**KEISHA BENEVIDES, individually,**
**in personam,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The Court held a pre-trial conference on June 8, 2011. This case is currently scheduled for trial before Judge Steven D. Merryday during the July 2011 trial term. As an initial matter at the pre-trial conference, the Court addressed defense counsel's pending Motion to Withdraw as Counsel (Dkt. No. 130). This Motion asserts that issues have arisen between defense counsel and his client, Mr. Peter Benevides, which have hindered the progression of this case. As represented by counsel's Motion and his statements at the June 8 hearing, Mr. Benevides has demonstrated an unwillingness to defend this case in any capacity, as counsel has been unable to effectively communicate with Mr. Benevides throughout the past few months. As such, the Court found it unnecessary to hold a formal pre-trial conference before resolving these underlying issues, and, in an Order dated June 8, 2011, the

Court directed Mr. Benevides to personally appear before the Court for a hearing on June 17, 2011. He was further directed to address whether he would proceed in the defense of his case, as well as his position regarding defense counsel's Motion to Withdraw as Counsel (Dkt. No. 130). Last, he was put on notice that his failure to appear would result in a recommendation by the undersigned that a default be entered against him in this case.

As indicated, the Court held a hearing on June 17, 2011 to address the above issues. Although Mr. Benevides was ordered by the Court to <u>personally</u> appear at this hearing, he was not present. Notice of the hearing was sent by both regular and certified mail to Mr. Benevides at the address provided by his counsel. In addition, defense counsel left phone messages for Mr. Benevides and sent him notice of the hearing by regular and electronic mail. Unfortunately, defense counsel has been unable to communicate with his client for the past several months. In addition, defense counsel stated that Mr. Benevides has substantially failed to fulfill obligations regarding services and has been given reasonable warnings. As Mr. Benevides has demonstrated an unwillingness to defend this case in any capacity, it is hereby **RECOMMENDED** that the Court **GRANT** Mr. Benford's Motion to Withdraw as Counsel (Dkt. No. 130) and direct the Clerk to **ENTER A DEFAULT** against Mr. Benevides.

**IT IS SO REPORTED** at Tampa, Florida, this 21st day of June, 2011.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:

Hon. Steven D. Merryday

Counsel of Record